UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DEANNA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:21-cv-54 |
| | ) |
| INDIANA EXCEPTIONAL | ) |
| MEDICAL CARE, LLC | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Deanna Jackson ("Jackson"), by counsel, against Defendant, Indiana Exceptional Medical Care, LLC ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

### II. PARTIES

2. Jackson is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a limited liability corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. At all times relevant to this action, Jackson was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Jackson exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

8. Jackson's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Jackson, female, was hired by the Defendant on or about November 12, 2018 as the Officer Manager.

11. At all times relevant, Jackson met or exceeded Defendant's legitimate performance expectations.

12. Defendant has no separate Human Resources department and no specific person or way to report harassment.

13. After Jackson was hired, her supervisor, Dr. Bachar Malek ("Dr. Malek") began making sexual comments to Jackson, which made her uncomfortable. Dr. Malek routinely texted her comments of a sexual nature, including stating he may lock her in dungeon and that she may like it. Dr. Malek referenced having "tools" to keep Jackson from misbehaving and referenced the movie 50 Shades of Gray, which involves a sexual relationship between its two main characters.

14. In January 2019, Dr. Malek touched Jackson inappropriately during training. He rubbed Jackson's shoulders and her feet, attempted to unclasp her bra, and incredibly, tried to kiss Jackson.  Jackson rebuffed Dr. Malek's advances and informed him she did not welcome the advances.

15. As Jackson's employment continued, Dr. Malek continued to make sexual comments to her and other female staff members.  On or about July 30, 2019, Dr. Malek again kissed Jackson and asked her about her sex life.

16. On August 1, 2019, Dr. Malek terminated Jackson's employment.  The reason given for her termination was pretext, and that was made clear when the following day, Dr. Malek texted Jackson, apologizing and again making a sexual comment stating, "Wearing scrubs is optional but you will look good in scrubs."

17. Upon information and belief, Dr. Malek has made sexually inappropriate comments to several of his female staff. Dr. Malek subjected Jackson to a hostile work environment and sexual harassment.

18. On or about October 23, 2019, Jackson filed a Charge of Discrimination with the Evansville Human Relations Commission under Charge No. 24C-2020-00022.

19. During the pendency of the investigation of Jackson's Charge of Discrimination, Jackson, by counsel, engaged in settlement discussions with Defendant through EHRC Investigator, Shadrach Mensah. On September 28, 2020, Jackson, by counsel, accepted Defendant's confidential offer to resolve the Charge. As such, a binding, enforceable contract was formed.

20. On October 13, 2020, Jackson, by counsel, reached out to Investigator Mensah for an update on the anticipated settlement agreement and was informed that Dr. Malek was withdrawing his offer. On or about November 11, 2020, Jackson sent Dr. Malek a letter demanding that Dr. Malek comply with the agreed terms of settlement. To date, Defendant has not complied with the terms of settlement.

## V. LEGAL ALLEGATIONS

### COUNT I – TITLE VII SEXUAL HARASSMENT & HOSTILE WORK ENVIRONMENT

21. Paragraphs one (1) through twenty (20) of Jackson's Complaint are hereby incorporated.

22. Defendant violated Jackson's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq* by subjecting her to sexual harassment, a hostile work environment, and terminating her employment because of her sex.

23. Defendant's actions were intentional, willful and in reckless disregard of Jackson's rights as protected by Title VII.

24. Jackson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: RETALIATION

25. Paragraphs one (1) through twenty-four (24) of Jackson's Complaint are hereby incorporated.

26. Defendant unlawfully retaliated against Jackson by terminating her employment after she rebuffed his sexual harassment.

27. Defendant's actions were intentional, willful, and in reckless disregard of Jackson's rights as protected by Title VII.

28. Jackson suffered damages as a result of Defendant's unlawful actions.

## COUNT III: BREACH OF CONTRACT

29. Paragraphs one (1) through twenty-eight (28) of Jackson's Complaint are hereby incorporated.

30. Jackson and Defendant had a valid, enforceable contract to resolve Jackson's Charge of Discrimination.

31. Defendant breached the contract by failing to complete the terms of the agreement.

32. Jackson suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Deanna Jackson, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums,

4. Pay to Plaintiff punitive damages;

5. Enforce the terms of the Parties' settlement agreement;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: lberger@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff, Deanna Jackson*

## DEMAND FOR JURY TRIAL

The Plaintiff, Deanna Jackson, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: lberger@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff, Deanna Jackson*